# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCOTT LISTER,

    **Plaintiff,**

v.

USD 337 ROYAL VALLEY, a Unified School District, AARIC DAVIS, Individually and in His Officially Capacity as Superintendent, AND USD 337 ROYAL VALLEY BOARD OF EDUCATION,

    **Defendants.**

Case No. 19-2651-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Scott Lister filed this action seeking relief against the Royal Valley Unified School District, its Superintendent, and its Board of Education under 42 U.S.C. § 1983, Title IX, and Kansas law. Before the Court is Defendants' Motion to Dismiss Board of Education (Doc. 8), filed on December 10, 2019. The motion seeks dismissal of USD 337 Royal Valley Board of Education ("the Board") because it does not have the capacity to be sued. Plaintiff has not responded and the time for doing so has expired.[1] As described more fully below, the motion to dismiss the Board is granted as uncontested and on the merits.

As an initial matter, Local Rule 7.4(b) provides that a party or attorney who does not timely file a response brief waives the right to later file such a brief, and that the court will decide such motions as uncontested and ordinarily will grant them without further notice.

---

[1] *See* D. Kan. Rule 6.1(d) (stating that responses to motions to dismiss must be filed and served within 21 days).

Because Plaintiff has filed no response to Defendants' motion to dismiss, the Court grants Defendants' motion as uncontested.

Additionally, Defendants' motion is granted on the merits. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[4]

Lack of capacity for suit is governed by Rule 17(b), which provides that the issue is determined "by the law of the state where the court is located."[5] The general rule in Kansas is that without specific statutory authority, subordinate governmental agencies do not have the capacity to be sued.[6] "The statutory authority need not be express, but can be implied."[7] Under K.S.A. § 72-1131, a local unified school district can sue and be sued. "As the governing body of the unified school district, the board of education has final decision-making authority for the district. Without specifically addressing the issue, Kansas courts have permitted local school boards to sue and be sued as a separate legal entities."[8] But since the Board is merely the governing body of the school district, "any judgment against the board necessarily is against the

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] Fed. R. Civ. P. 17(b)(3).

[6] *Fugate v. Unified Gov't of Wyandotte Cty./Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001).

[7] *Lindenman v. Umscheid*, 875 P.2d 964, 977 (Kan. 1994).

[8] *Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1300 (D. Kan. 2009).

school district."[9]  Thus, a suit against both entities is duplicative.[10]  For this additional reason, the Court grants Defendants' motion to dismiss the Board for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss Board of Education (Doc. 8) is **granted**.  All claims against Defendant USD 337 Royal Valley Board of Education are hereby dismissed.

**IT IS SO ORDERED.**

Dated: February 3, 2020

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[9] *Id.*

[10] *See id.*